IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY J. CHERAMIE SR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| GULF OFFSHORE LOGISTICS, LLC AND | § | **ADMIRALTY DOCKET 9(h)** |
| M/V MS MELISSA, | § | |
| | § | |
| *Defendants*. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Terry J. Cheramie Sr. complains of Defendants Gulf Offshore Logistics, LLC and M/V MS MELISSA and would respectfully show unto the Court as follows:

## I.
## JURISDICTION & VENUE

1.      This action is within the admiralty and maritime jurisdiction of this Court within the meaning of the Federal Rules of Civil Procedure 9(h) and the general maritime law pursuant to 28 U.S.C. § 1333.

2.      This is a complaint for damages—both to property and for personal injury—arising from a maritime collision.

3.      Plaintiff designates this matter as an admiralty claim pursuant to Supplemental Rule 9(h) with the Court sitting as an Admiralty Court.

4.      Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in the district.

## II.
## PARTIES

5.     Plaintiff is an American seaman and is a resident of Lafourche Parish, Louisiana.

6.     Defendant Gulf Offshore Logistics, LLC, is a Louisiana limited liability company doing substantial and continuous business within the district. Defendant Gulf Offshore Logistics, LLC, may be served by and through its registered agent for service of process, Todd P. Danos, at 4535 Highway 308, Raceland, Louisiana 70349.

7.     Defendant M/V MS MELISSA is a vessel that is within the District or will be during the pendency of this lawsuit. Plaintiff requests that service of process on Defendant M/V MS MELISSA be held in abeyance pursuant to Supplemental Federal Rule for Certain Admiralty & Maritime Claims E(3)(c).

## III.
## NATURE OF THIS ACTION

8.     Plaintiff is an able-bodied seaman and in May 2019 was aboard his shrimping vessel, the F/V JORDY AND JOSHUA, skimming for shrimp in Barataria Pass.

9.     Plaintiff's vessel was facing in a north, northwest direction pushing slowly against the current and fishing.

10.     At the same time, the M/V MS MELISSA, which was owned, operated, manned, and managed by Defendant, was also in Barataria Pass heading towards Plaintiff's position.

11.     The M/V MS MELISSA was approaching the path of the F/V JORDY AND JOSHUA in a manner which put the F/V JORDY AND JOSHUA off the starboard side of the M./V MS MELISSA.

12.     Under the circumstances, the M/V MS MELISSA was the give-way vessel and the F/V JORDY AND JOSHUA was the stand-on vessel.

13.     Plaintiff only saw the M/V MS MELISSA for the first time immediately before the collision.

14.     At that time, Plaintiff attempted to take emergency maneuvers to avoid the collision of such a degree so as to be readily apparent to the other vessel.

15.     Nevertheless, the M/V MS MELISSA collided into the port side of the F/V JORDY AND JOSHUA causing significant damage.

16.     Prior to the collision, the M/V MS MELISSA did not raise the F/V JORDY AND JOSHUA via radio and did not sound its horn.

17.     After the collision, Plaintiff was able to communicate with a member of the crew of the M/V MS MELISSA who stated that he tried to miss Plaintiff's vessel but couldn't and was sorry for hitting him.

18.     Plaintiff was then able to get the F/V JORDY AND JOSHUA into Bayou Rigaud where he discovered that the skimming piping and the skimmer net had become entangled and trapped beneath the boat.

19.     While Plaintiff was attempting to untangle the piping and netting, Plaintiff sustained significant and lasting injuries to his back and right thumb.

20.     As a result of the incident, Plaintiff's vessel, equipment, and appurtenances have sustained significant damage.

21.     As a result of the incident, Plaintiff lost his cargo/catch and has lost out on additional cargo/catch due to the damage to his vessel, equipment, and appurtenances.

**IV.**
**CAUSES OF ACTION**

*A.*      *Negligence, Negligence per se, and Gross Negligence*

22.      Defendant is liable to Plaintiff under the theories of negligence, negligence per se, and gross negligence. Plaintiff sustained injuries because of Defendant's negligence, negligence per se, and gross negligence when Defendant:

   a.   Failed to operate its vessel in a reasonable manner;

   b.   Failed to control its vessel's speed;

   c.   Failed to operate its vessel safely;

   d.   Failed to keep a proper lookout;

   e.   Failed to maintain a safe distance;

   f.   Failed to adequately man and crew its vessel;

   g.   Failed to exercise due care in all undertakings;

   h.   Failed to abide by the U.S. Coast Guard Navigational Rules and COLREGS;

   i.   Failed to give-way to the stand-on vessel;

   j.   Failed to raise the F/V JORDY AND JOSHUA on the radio;

   k.   Failed to sound its horn;

   l.   Violated applicable local, state, and federal laws and/or regulations; and

   m.   Other acts so deemed negligent and grossly negligent.

23.      Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant's conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of its conduct. Defendant proceeded with conscious

4

indifference to the rights, safety, and welfare of others, including Plaintiff.  Defendant is therefore liable for exemplary damage.

## V.
## DAMAGES

24.    As a direct and proximate result of the negligence, negligence per se, and gross negligence of Defendant, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendant's negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries. Plaintiff also seeks recovery for the physical and property damage done to his vessel, equipment, and appurtenances as well as the reasonable cost and expense of the loss of use of the vessel, equipment, and appurtenances. Plaintiff also seeks to be compensated for the loss of the value of his cargo and catch.

25.    Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant's conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of their conduct.  Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  Defendant is therefore liable for exemplary damages.

WHEREFORE, Plaintiff prays that this citation for Defendant Gulf Offshore Logistics, LLC, issue and be served upon the parties in a form and manner prescribed by law, requiring that the parties appear and answer, and that upon final hearing, Plaintiff have judgment against the parties in a total sum in excess of the minimum jurisdictional limits of this Court. Plaintiff also seeks interest on all sums found to be owing from the date said interest accrues by law, all costs of these proceedings, and all such other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ M. Paul Skrabanek*
_____
M. Paul Skrabanek
Bar Roll No. 34980
Michael E. Pierce (*to be admitted pro hac vice*)
Texas Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, TX 77098
Telephone: 832-690-7000
Facsimile: 832-616-5576
E-mail: paul@pstriallaw.com
            michael@pstriallaw.com
            service@pstriallaw.com
**ATTORNEYS FOR PLAINTIFF**